■      JAMES VAUGHAN et al., Plaintiffs, v. B & B SUPERMARKET, INC., et al., Defendants. B & B SUPERMARKET, INC., Third-Party Plaintiff-Appellant v. WALBISS, INC., Third-Party Defendant-Respondent.— Order unanimously reversed, with costs and motion denied. Memorandum: Plaintiff sought damages from third-party plaintiff B & B Supermarket, Inc., and Henry Gianadda and Peter J. Casarsa, doing business as Henter Construction Co. for injuries resulting from a fall on a sidewalk in front of third-party plaintiff's supermarket. The complaint alleged a defectively constructed or repaired sidewalk which caused plaintiff's injuries. It alleged that defendant Henter Construction Company constructed and repaired the sidewalk and third-party plaintiff owned or leased the supermarket and adjoining sidewalk. Third-party plaintiff cross-claimed against Henter Construction and served a third-party complaint against third-party defendant Walbiss, Inc., the owner of the supermarket and adjoining premises and S. M. Flickinger Co., Inc., the lessor of third-party plaintiff and lessee of third-party defendant Walbiss, Inc. The original complaint alleged that third-party plaintiff had either actual or constructive notice of the defective sidewalk. The third-party complaint alleged that third-party defendant had the responsibility to maintain the sidewalks which were owned and controlled by it and that it had actual notice of the defects alleged in the complaint. ¶ Special Term dismissed the third-party complaint upon the grounds that the original complaint alleged only active negligence against the third-party plaintiff and that the third-party plaintiff's complaint alleged that original plaintiff's injuries were caused solely by the third-party defendant's primary and active negligence. Since this is a simple common-law indemnity third-party action, the principles stated in the recent case of *Dole* v. *Dow Chem.*

*Co.* (30 N Y 2d 143) would apply so as to eliminate the active-passive dichotomy, leaving the apportionment of the relative responsibilities of third-party plaintiff and third-party defendant for determination upon the trial. (Appeal from order of Erie Special Term dismissing third-party complaint in negligence action.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.